IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**AHSEN RAUF**                                                                                    **PLAINTIFF**

V.                                        5:08CV00208 JMM

**ARKANSAS STATE POLICE**
**SIEGFRIED LEWIS, SERGEANT**
**SEDRICK REED, LIEUTENANT**
**GLORIA WEAKLAND, CAPTAIN**
**JOHN DOE 1-5**                                                                                 **DEFENDANTS**

## ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS

Pending are the Defendants' Motions to Dismiss. For the reasons set forth below, the Defendants' Motions to Dismiss are DENIED in part and GRANTED in part. (Docket # 7, 12).

The United States Supreme Court recently clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964-65 (internal citations omitted). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

Plaintiff filed a Complaint on July 28, 2008. Defendants filed a Motion to Dismiss on September 2, 2008. On September 8, 2008, Plaintiff filed an Amended Complaint in which Plaintiff alleges that Defendants retaliated against Plaintiff for filing an EEOC complaint and that

this led to Plaintiff's constructive discharge. Plaintiff claims that Defendants verbally and physically assaulted him, disciplined him more harshly than similarly situated individuals who had not filed an EEOC complaint, refused to act on Plaintiff's complaints, and refused to give Plaintiff a correct job reference. Plaintiff alleges that Defendants violated his rights under Title VII of the Civil Rights Act of 1963, 42 U.S.C. §§ 1981 and 1983, and the Arkansas Civil Rights Act of 1993. On September 18, 2008, Defendants filed a second Motion to Dismiss.

### § 1981 Claims

Defendants ask that Plaintiff's claims under 42 U.S.C. § 1981 be dismissed because federal actions to enforce rights under § 1981 against state actors can only be filed under § 1983. In *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, the Eighth Circuit held that "a federal action to enforce rights under § 1981 against a state actor may only be brought pursuant to § 1983." 161 F.3d 1178, 1181 (8th Cir. 1998). As to all of Plaintiff's § 1981 claims, Defendants' Motion to Dismiss is GRANTED.

### § 1983 Claims

By alleging further facts to support a claim of constructive discharge, the Amended Complaint addresses the weaknesses pointed out by the Defendants' Motion to Dismiss. In greater detail than the Complaint, the Amended Complaint alleges verbal and physical abuse, the Defendants' refusal to give references or clearance letters to prospective employers, and the Defendants' failure to acknowledge Plaintiff's complaints. Plaintiff claims Officer Lewis and Captain Weakland ignored Plaintiff's complaints and ratified Officer Reed's conduct. Additionally, Plaintiff alleges the Arkansas State Police has failed to train its officers properly and has a custom or policy of retaliating against officers who engage in protected activity or

opposed illegal activity. Although there is no supervisory strict liability under § 1983, "a supervisor may be liable for the acts of a subordinate if injury is inflicted upon the plaintiff as a result of a breach of the supervisor's duty to train, supervise, or control the actions of subordinates." *Hahn v. McLey*, 737 F.2d 771, 773 (8th Cir. 1984). Therefore, Defendants' Motion to Dismiss for failing to adequately state a cause of action is DENIED.

Defendants ask that Plaintiff's claims under § 1983 against the Arkansas State Police and the State Officials in their official capacities be dismissed because they are barred by sovereign immunity and these defendants are not considered "persons" under § 1983. Section 1983 claims against the State of Arkansas and its agencies are barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) (citing *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978)). Defendants' Motion to Dismiss Plaintiff's § 1983 claims against the Arkansas State Police is GRANTED.

Damage claims against individual defendants in their official capacities are also barred, either by the Eleventh Amendment or because in these capacities they are not "persons" within the meaning of § 1983. *Murphy*, 127 F.3d at 754 (citing *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). However, when sued for prospective injunctive relief, state officials in their official capacities are considered "persons" under § 1983, and such relief is not barred by the Eleventh Amendment. *Murphy*, 127 F.3d at 754 (citing *Treleven v. University of Minn.*, 73 F.3d 816, 819 (8th Cir. 1996)). Therefore, Defendants' Motion to Dismiss Plaintiff's § 1983 claims for injunctive relief against the Defendants in their official capacities is DENIED, and Defendants' Motion to Dismiss Plaintiff's § 1983 claims for

damages against the Defendants in their official capacities is GRANTED.

Defendants argue that the State Officials are entitled to qualified immunity and the claims against them should be dismissed. A two-part analysis is undertaken to determine whether an official is entitled to qualified immunity. *Clemmons v. Armontrout*, 477 F.3d 962, 965 (8th Cir. 2007). The threshold question asks whether the alleged facts demonstrate that the official's conduct violated a constitutional right. *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). If plaintiffs meet this standard, the second step is to ask whether this right was clearly established. *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

Plaintiff alleges acts of discrimination and retaliation by the Defendants deprived Plaintiff of his constitutionally protected interest in his reputation and ability to work. Plaintiff also claims Defendants violated his constitutional right to file an EEOC complaint without fear of retribution and violated his rights under the First Amendment. "Government action designed to keep a citizen from initiating legal remedies sometimes infringes upon the First Amendment right to petition the courts." *In re Workers' Compensation Refund*, 46 F.3d 813, 822 (8th Cir. 1995) (citing *Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422 (8th Cir. 1986)). Indirect impairment of this right includes "retaliatory action [taken] against an individual designed either to punish him for having exercised his constitutional right to seek judicial relief or to intimidate or chill his exercise of that right in the future." *Id.* (citing *Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422 (8th Cir. 1986)). Plaintiff's allegations fall under the first category of impairment, and in claiming that his complaints were ignored by all Defendants, Plaintiff's claims extend to all Defendants. "To determine whether a right is clearly established,

we ask whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Clemmons v. Armontrout*, 477 F.3d 962, 965 (8th Cir. 2007) (citing *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). "It is clearly established that a government official may not punish [a citizen] for having exercised [her] constitutional right to seek judicial relief." *Wilson v. Northcutt*, 441 F.3d 586 (8th Cir. 2006) (citing *Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1428 (8th Cir. 1986)). Plaintiff's pleading is sufficient to establish that were his allegations true, Defendants would not be entitled to qualified immunity. Defendants' Motion to Dismiss on the basis of qualified immunity is, therefore, DENIED.

Plaintiff is prohibited from recovering punitive damages from the Arkansas State Police for his Title VII claim. 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency, or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."). However, Plaintiff may recover punitive damages against the State Officials in their individual capacities under § 1983. "Punitive damages may be assessed in a § 1983 case when a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Swipies v. Kofka*, 419 F.3d 709, 717-18 (8th Cir. 2005) (quoting *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983)). The Amended Complaint alleges Defendants' actions were egregious, objectively unreasonable, and in violation of clearly established law. Therefore, Defendants' Motion to Dismiss punitive

damages claims against the Defendants in their individual capacities under § 1983 is DENIED.

## Arkansas Civil Rights Act Claims

Defendants argue Plaintiff's claims under the Arkansas Civil Rights Act (ACRA) against the Arkansas State Police and the State Officials in their official capacities should be dismissed because they are barred by sovereign immunity. Article 5, Section 20 of the Arkansas Constitution states that "The State of Arkansas shall never be made a defendant in any of her courts." The ACRA provides that "Nothing in this subchapter shall be construed to waive the sovereign immunity of the State of Arkansas." Ark. Code Ann. § 16-123-104. Plaintiff's ACRA claims against the Arkansas State Police are, therefore, dismissed.

It is well settled that a "suit against a state official in his or her official capacity is not a suit against that person, but rather is a suit against that official's office." *Simons v. Marshall*, 369 Ark. 447, 451 (2007) (quoting *Fegans v. Norris*, 351 Ark. 200, 206 (2002)). When a judgment for the plaintiff will effectively control the actions of the state or subject the state to liability, the suit is treated as one against the state itself. *Id.* (citing *Fegans v. Norris*, 351 Ark. 200 (2002)). As relief against the State Officials would control the actions of the Arkansas State Police, Plaintiff's ACRA claims against the State Officials in their official capacities are barred by the grant of sovereign immunity in the Arkansas Constitution.

State officials in their individual capacity are immune from suit for damages for acts or omissions within the course of employment unless the acts or omissions are malicious. Ark. Code Ann. § 19-10-305. The Arkansas Supreme Court has defined malice as "an intent and disposition to do a wrongful act greatly injurious to another." *Simons*, 369 Ark. at 452-53 (quoting *Satterfield v. Rebsamen Ford, Inc.*, 253 Ark. 181, 185, 485 S.W.2d 192, 195 (1972)). A

plaintiff attempting to demonstrate malice must allege more than "willful and wanton conduct." *Simons*, 369 Ark. at 453 (quoting *Fegans v. Norris*, 351 Ark. 200, 207, 89 S.W.3d at 925). Plaintiff alleges that Defendants acted unreasonably and violated clearly established law. The factual support for these conclusions includes descriptions of verbal and physical threats made toward the Plaintiff. Therefore, Defendants' Motion to Dismiss Plaintiff's claims under ACRA against the State Officials in their individual capacities is DENIED. Defendants' Motion to Dismiss Plaintiff's claims under ACRA against the Arkansas State Police and the State Officials in their official capacities is GRANTED.

Under ACRA, an aggrieved party alleging acts of intimidation, harassment, or violence directed against his person and who prevails in an action for injunctive relief or civil damages is entitled to punitive damages. Ark. Code Ann. § 16-123-106. The ACRA also grants the "right to obtain and hold employment without discrimination." Ark. Code Ann. § 16-123-107(a)(1). An individual who is injured by intentional discrimination by an employer in violation of this right is entitled to compensatory and punitive damages, in addition to other remedies. Ark. Code Ann. § 16-123-107(c)(2)(a). Defendants' Motion to Dismiss punitive damages claims under ACRA is DENIED.

## Conclusion

For these reasons, Defendants' Motions to Dismiss Plaintiff's § 1981 claims, § 1983 claims against the Arkansas State Police, § 1983 claims for damages against the State Officials in their official capacities, and ACRA claims against the Arkansas State Police and the State Officials in their official capacities are GRANTED. Remaining are Plaintiff's claims for: compensatory damages against the Arkansas State Police under Title VII, injunctive relief against

the State Officials in their official capacities under § 1983, compensatory and punitive damages against the State Officials in their individual capacities under § 1983, and compensatory and punitive damages against the State Officials in their individual capacities under ACRA.

IT IS SO ORDERED this 20 day of October 2008.

*[signature]*
James M. Moody
United States District Judge